UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **DAVID VIDRINE, individually and on behalf of all others similarly situated,** § § § | **DOCKET NO. _____** |
| **Plaintiff,** § § | **JURY TRIAL DEMANDED** |
| **vs.** § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **CETCO ENERGY SERVICES COMPANY, LLC** § § § | |
| **Defendant.** § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff David Vidrine ("Plaintiff" or "Vidrine") worked for Defendant CETCO Energy Services Company, LLC ("CETCO") as an Operator and Supervisor within the coiled tubing division. Plaintiff files this collective action lawsuit on behalf of himself and all others similarly situated because Defendant's operators and supervisors perform largely technical and manual labor duties related to operating oilfield machinery as their primary job duties. Nonetheless, Defendant pays all these workers a salary/day rate and requires substantial amounts of overtime each week. Plaintiff contends that his job duties and the duties of his current and former coworkers require them to be paid hourly and overtime according to the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.* Because Plaintiff and all similarly situated employees were classified as exempt from the overtime requirements of the FLSA, Plaintiff seeks back wages in the form of unpaid overtime, liquidated damages, attorney fees, and costs.

## JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

4. Vidrine was employed by Defendant during the relevant statutory time period as salary/day rate operator and supervisor in Defendant's coiled tubing division. He regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

5. Vidrine brings this action on behalf of himself and all other similarly situated salary/day rate employees under the collective action provisions of the FLSA (the "FLSA Class"). *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Vidrine and is properly defined as:

> **ALL CURRENT AND FORMER OPERATORS AND SUPERVISORS EMPLOYED BY DEFENDANT CETCO ENERGY SERVICES COMPANY, LLC DURING THE PAST 3 YEARS WHO RECEIVED A SALARY/DAY RATE.**

The members of the FLSA Class are easily ascertainable from Defendant's business and personnel records.

6. Defendant CETCO Energy Services Company, LLC operates within the Corpus Christi Division of the Southern District of Texas Federal Court District and maintains offices in Robstown, Texas. CETCO may be served through its registered agent: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

**FACTUAL ALLEGATIONS**

7. Cetco is an oilfield services company with locations throughout the world. http://cetcoenergyservices.com/locations/

8. Cetco provides coiled tubing, concrete slurry, eelreel, nitrogen, oarfish, orca, petroleum products, pipeline, wastewater treatment, water treatment, and well testing. http://cetcoenergyservices.com/

9. Cetco's coiled tubing division employs many operators and supervisors who perform technical and manual labor type job duties associated with operating the coiled tubing equipment.

10. Vidrine and all those similarly situated to him worked for Cetco within its coiled tubing division as an operator and supervisor over the past three years.

11. Vidrine and all those similarly situated to him performed technical and manual labor type job duties in the oilfield and received a salary/day rate. Vidrine and all those similarly situated to him regularly worked in excess of 40 hours a week.

12. The duties of Vidrine and all those similarly situated to him entitle them to be paid hourly with overtime for each hour worked over forty in a single workweek.

**COLLECTIVE ACTION ALLEGATIONS**

13. Vidrine brings this claim under the FLSA as a collective action.

14. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Plaintiff and all of the FLSA Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

15. Defendant employed a substantial number of salary/day rate employees like Vidrine in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

16. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the FLSA.

17. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
## Violation of the FLSA

18. Vidrine incorporates the preceding paragraphs by reference.

19. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

20. Defendant employed Vidrine and each member of the FLSA Class.

21. Defendant's pay policy denied Vidrine and the FLSA Class Members overtime compensation at the legal overtime rates required by the FLSA.

22. Defendant's failure to pay Vidrine and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

23. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendant's FLSA violations, Vidrine and the FLSA Class Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

24.     Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:*/s/ Michael A. Josephson*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Andrew Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    litkin@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**